IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                    **Criminal No. 3:17-CR-7-1**

**KELVIN JOHNSON,**

    **Defendant.**

## MOTION TO DISMISS FOR
## FAILURE TO DISCLOSE AND PRESERVE EVIDENCE

On remand from the Fourth Circuit, *United States v. Johnson,* 996 F.3d 200 (4th Cir. 2021), Defendant Kelvin Johnson, by counsel, Aaron D. Moss, Assistant Federal Public Defender, respectfully moves this Honorable Court to dismiss Count Two of the Indictment. As argued in his original Motion to Dismiss for Failure to Preserve Evidence,[1] Reply to the United States' Response in Opposition,[2] and before the Fourth Circuit,[3] Johnson reasserts that the Government's failure to disclose and preserve evidence in this case violated his rights under the Due Process Clause of the Fifth Amendment and deprived him a meaningful ability to present a complete defense and avoid an unfair trial. Consistent with the Fourth Circuit's Opinion, he asks that this Court "reassess [his] due process claim with the expansion of the evidentiary record." *Johnson*, 996 F.3d at 216. More specifically, Johnson requests that this Court conduct an evidentiary hearing that allows for the complete examination of all witnesses implicated in the above-stated matter, find due process violations, dismiss Count Two of the Indictment, and order all such other relief as justice requires. In further support, Johnson states as follows:

---

[1] [ECF No. 97].
[2] [ECF No. 108].
[3] [ECF No. 329].

1. On January 18, 2017, a Federal Grand Jury for the Northern District of West Virginia, in Martinsburg, returned a two-count indictment against Johnson and his co-defendant, Sykebia Stewart. Count One charged Johnson with distribution of heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charged Johnson and Stewart with aiding and abetting the distribution of heroin resulting in the death of Armando Mercado-Medrano in violation of 21 U.S.C. § 2 and 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

2. The Government suppressed its possession of Medrano's cell phone(s)[4]—until after it had failed to preserve the cell phone(s)—in violation of *Brady v. Maryland* and its progeny. *See* 373 U.S. 83 (1963) ("the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"); *United States v. Agurs*, 427 U.S. 97, 110 (1976) (Government has a duty to disclose evidence "obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request"); *Giglio v. United States*, 405 U.S. 150 (1972) (expanding Government's *Brady* obligations to include impeachment material); *Kyles v. Whitley*, 514 U.S. 419 (1995) ("[p]rosecutor remains responsible for duty under *Brady* to disclose favorable evidence to defendant, regardless of whether police investigators failed to inform prosecutor of evidence, as prosecutor can establish procedures and regulations to insure communication of all relevant information on each case to every lawyer who deals with it").

3. In addition to the Government's *Brady* duty to disclose Medrano's cell phone(s), the Due Process Clause also imposed a duty upon the Government to preserve the cell phone(s).

---

[4] *See United States v. Johnson*, 996 F.3d 200, 216 (4th Cir. 2021) ("additional questions have arisen in these proceedings regarding whether the cell phone may have contained impeachment evidence and whether Medrano's family gave the police investigators a second cell phone").

2

*See Arizona v. Youngblood*, 488 U.S. 51 (1988); *see also California v. Trombetta*, 467 U.S. 479 (1984) (the Government has a constitutional duty to preserve "evidence that might be expected to play a role in the suspect's defense"). By failing to preserve the cell phone(s), the Government further violated Johnson's due process rights and deprived him the constitutional guarantee of "a meaningful opportunity to present a complete defense." *Trombetta*, 467 U.S. 479 (1984).

4. Based on the record in this case, Johnson has "stated a plausible claim that the Government's failure to disclose and preserve the cell phone has impeded [his] ability to defend [himself] on the Death Count by showing that drugs other than the defendants' alleged heroin may have caused Medrano's death." *Johnson*, 996 F.3d at 216. Accordingly, he respectfully requests that the Court hold an evidentiary hearing, which allows for the thorough expansion of the record through the examination of all witnesses implicated in his due process claims; apply the principles of *Brady*, *Agurs*, *Trombetta*, and *Youngblood* to that complete record; find that the Government unconstitutionally failed to disclose and preserve Medrano's cell phone(s); dismiss Count Two of the Indictment; and order all such other relief as justice requires.

    Respectfully submitted,

    **KELVIN JOHNSON,**
    **By counsel,**

    /s/*Aaron D. Moss*
    Aaron D. Moss (WV Bar # 12789)
    Federal Public Defender Office
    651 Foxcroft Avenue, Suite 202
    Martinsburg, West Virginia 25401
    Tel. (304) 260-9421
    Fax. (304) 260-3716
    E-Mail. Aaron_Moss@fd.org
    *Attorney for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on June 11, 2021, I electronically filed the foregoing, ***Motion to Dismiss for Failure to Disclose and Preserve Evidence,*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy D. Helman, AUSA
Office of the United States Attorney
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401

/s/*Aaron D. Moss*
Aaron D. Moss (WV Bar # 12789)
Federal Public Defender Office
651 Foxcroft Avenue, Suite 202
Martinsburg, West Virginia 25401
Tel. (304) 260-9421
Fax. (304) 260-3716
E-Mail. Aaron_Moss@fd.org
*Attorney for Defendant*